BROWN *v.* SELLARS.

1. APPEAL AND ERROR—PARTIES—JUDGMENT AGAINST ONE DEFEND-
ANT.

In action against two defendants in which judgment was
rendered for plaintiff against appellant only, the other defend-
ant is out of the case where plaintiff has not appealed.

2. ASSUMPSIT—SATISFACTION—BURDEN OF PROOF.

In assumpsit on promissory note wherein defendant-appellant
claimed the obligation had been adjusted in an accounting
between the other defendant and plaintiff, defendant-appellant
had burden of showing such claimed satisfaction.

3. APPEAL AND ERROR—NONJURY CASE—WEIGHT OF EVIDENCE.

In nonjury trial of action of assumpsit on promissory note
wherein defendant-appellant first denied under oath that she
had signed the note but later admitted signing it and then
claimed satisfaction of the obligation, it was for trial judge
to evaluate defendant-appellant's testimony for what it was
worth.

4. BILLS AND NOTES—JUDGMENT—NONJURY CASE—PREPONDERANCE
OF EVIDENCE.

In action on promissory note against two defendants, judgment
against defendant who first denied signature, later admitted
it but claimed satisfaction of obligation *held*, not against the
preponderance of the evidence.

Appeal from Berrien; Hartrick (George B.), J.,
presiding.   Submitted June 12, 1945.   (Docket No.
12, Calendar No. 43,017.)   Decided October 8, 1945.

Assumpsit by Rolland J. Brown against Edith
Hatosky Sellars and Ross H. Lamb on a promissory
note.  From judgment for plaintiff against defend-
ant Sellars, she appeals.  Affirmed.

*Charles W. Gore* and *Arthur E. Leckner,* for plaintiff.

*Theron D. Childs, Jr.,* and *White & White,* for defendant Sellars.

WIEST, J. This action in assumpsit was brought against defendants and trial was had before the court without a jury. The court refused judgment against defendant Ross H. Lamb and, plaintiff not having appealed therefrom, Mr. Lamb is out of the case. Defendant Edith Hatosky Sellars appealed from a judgment against her upon her note, executed in 1937, claiming the judgment is against the preponderance of the evidence.

When suit was brought the note was set up in one count of the declaration and defendant Sellars, under oath, denied its execution but at the trial she admitted her signature and claimed the obligation had been adjusted in an accounting between Lamb and plaintiff. This placed the burden of showing such claimed satisfaction on defendant Sellars. Defendant Sellars for some time was secretary in the office of Mr. Lamb, who appears to have been quite a borrower of money, not only from plaintiff but also from and through activities of defendant.

The testimony has been read and recital thereof here would not be of benefit to the profession. The plaintiff denied the alleged assumption of the obligation of the note by Mr. Lamb. Mr. Lamb was not a witness.

It was for the trial judge to consider the testimony of appellant for what he considered it worth, having in mind her denial of the existence of the note and then her claimed memory of the method of its satisfaction. The printed record does not disclose the demeanor of the witnesses, visible to and

of proper cognizance by the trial judge. Defendant having admitted execution of the note, that fact placed upon defendant the affirmative defense of satisfaction of the obligation. The judgment is not against the preponderance of the evidence.

Judgment is affirmed, with costs to plaintiff against defendant Sellars.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.